**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000860
13-APR-2022
07:49 AM
Dkt. 50 SO

NO. CAAP-19-0000860

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR GSAA HOME EQUITY TRUST 2006-9 ASSET-BACKED
CERTIFICATES SERIES 2006-9, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA
LANI CONDOMINIUMS, Defendant-Appellant,
and
DANA C. WYNN, also known as DANA CHERYL WYNN;
WAIKOLOA VILLAGE ASSOCIATION; JOHN DOES 1-20;
JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE
ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 18-1-094K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Association of Apartment Owners of Elima Lani Condominiums (**the AOAO**) appeals from the November 22, 2019 Judgment (**Foreclosure Judgment**), entered by the Circuit Court of the Third Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee U.S. Bank National Association as Trustee for GSAA Home Equity Trust 2006-9 Asset-Backed Certificates Series 2006-9 (**USBNA**) and against self-represented Defendant-Appellee Dana C. Wynn, also known as Dana Cheryl Wynn (**Wynn**), the AOAO, and Defendant-Appellee Waikoloa Village Association (**WVA**). The AOAO also challenges the Circuit Court's November 22, 2019

_____

[1] The Honorable Robert D.S. Kim presided.

Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and/or Default Judgment Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**).  For the reasons explained below, we affirm.

On May 1, 2018, USBNA filed a Complaint for Mortgage Foreclosure (**Complaint**) against Wynn, the AOAO, and WVA regarding the subject property (**Property**).  The AOAO answered the Complaint; Wynn and WVA did not.  Wynn and WVA's defaults were entered on July 16, 2018.

Prior to the filing of the Complaint, the AOAO conducted a nonjudicial foreclosure of its lien on the Property. On May 27, 2014, the AOAO recorded an affidavit of nonjudicial foreclosure under power of sale in the State of Hawaii Bureau of Conveyances (**Bureau**).  On May 28, 2014, a Quitclaim Deed transferring title to the Property to the AOAO was recorded in the Bureau.  The Quitclaim Deed stated that it was "subject . . . to all encumbrances of record[.]"

On October 23, 2018, USBNA filed a motion for summary judgment and/or default judgment against all defendants and for an interlocutory decree of foreclosure.  The AOAO filed a limited memorandum in opposition.  The AOAO contended that as the owner of the Property, it should continue to retain possession of the Property and collect rental proceeds "until completion of the current foreclosure under [Hawaii Revised Statutes (**HRS**)] § 514B-146(b)."  The AOAO also reserved its right to collect a six-month special assessment under HRS § 514B-146(j), (k), and (l).

On November 22, 2019, the Circuit Court granted USBNA's motion and entered the Foreclosure Decree.  The Circuit Court appointed a commissioner, authorizing and directing him, *inter alia*:  "to take possession and control of the Property, including but not limited to collecting rental payments and to sell the Property at a public auction . . . [,]" subject to confirmation by the Circuit Court.  The Foreclosure Judgment was entered the same day.  The AOAO filed a timely notice of appeal.

The AOAO raises two points of error:

1. "The [C]ircuit [C]ourt committed reversible error when it purportedly vested the Commissioner with and divested the [AOAO] of equitable and legal title to the Property owned by the [AOAO]"; and

2. "The [C]ircuit [C]ourt committed reversible error when it agreed with [USBNA] that the right to possess and collect rental income from the Property was within the Commissioner's discretion upon the entry of the [Foreclosure Decree], and ordered the Commissioner 'to take possession and control of the Property' owned by the [AOAO], including the collection and retention of rents."

The AOAO contends that the Circuit Court erred in vesting the Commissioner with equitable and legal title to the Property by way of the Foreclosure Decree, which authorized and directed the Commissioner "to take possession and control of the Property, including but not limited to collecting rental payments[.]" However, the Foreclosure Decree does not purport to vest title in the Property to the Commissioner, and the AOAO does not explain how the quoted language accomplished that alleged result.

Moreover, the Circuit Court did not err or abuse its discretion in ordering the Commissioner to take possession and control of the Property, including the collection of rents, and to sell the Property at public auction. The AOAO's title to the Property was subject to USBNA's mortgage lien, and a judgment of foreclosure is a final determination of a foreclosed party's ownership interest in the subject property. In other words, AOAO's ownership rights in the Property were foreclosed when the Foreclosure Judgment was entered, even though further proceedings were necessary to enforce and otherwise effectuate the Foreclosure Decree and the Foreclosure Judgment. See Bank of N.Y. Mellon v. Larrua, 150 Hawaiʻi 429, 439-40, 504 P.3d 1017, ___ (App. 2022); U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills Condo. Phase I, ___ Hawaiʻi ___, ___, ___ P.3d. ___, ___, No. CAAP-18-0000486, 2022 WL 574511, at *8 (Haw. App. Feb. 25, 2022).

3

For these reasons, the Foreclosure Judgment entered on November 22, 2019, in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, April 13, 2022.


On the briefs:

R. Laree McGuire and
Brendan K. Ogata
(Porter McGuire Kiakona, LLLP)
for Defendant-Appellant.

Andrew J. Lautenbach and
Nainoa J. Watson
(Starn O'Toole Marcus & Fisher)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge